UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

| | |
|---|---|
| *In re* ALBA SANCHEZ,<br>      Debtor. | **MEMORANDUM AND ORDER**<br>Case No. 1:16-CV-05522-FB |

------------------------------------------------------x

*Appearances:*

| | |
|---|---|
| *For the Appellant:*<br>KENNETH ROSELLINI<br>636A Van Houten Avenue<br>Clifton, NJ 07013 | *For the Appellee:*<br>DAVID J. DOYAGA<br>26 Court Street, Suite 1002<br>Brooklyn, NY 11242 |

**BLOCK, District Judge:**

  Kenneth Rosellini ("Rosellini"), attorney for the debtor in the underlying bankruptcy action, Alba Sanchez ("Sanchez"), appeals from an order of the United States Bankruptcy Court of the Eastern District of New York ("Bankruptcy Court") denying his motion to vacate a prior order which sanctioned him for failing to appear at four hearings despite three orders to do so. Rosellini contends that the Bankruptcy Court exceeded its inherent authority when it sanctioned him without a finding of bad faith. For the reasons set forth below, the Bankruptcy Court's order denying Rosellini's motion to vacate for sanctions ("Order") is affirmed.

## BACKGROUND

  Sanchez filed a Chapter 7 petition ("Petition") with the Bankruptcy Court on

September 18, 2013. Subsequently, the Bankruptcy Court issued a Final Notice of Section 521 deficiencies and, when Sanchez or her counsel failed to file the requisite documents, issued an order to show cause why the Petition should not be dismissed on or before December 3, 2013. On that date, the Bankruptcy Court held a hearing for which neither Sanchez nor Rosellini showed.

Accordingly, on December 12, 2013, Sanchez's case was dismissed, and the Bankruptcy Court issued a second order, directed solely at Rosellini, to show cause why he had failed to prosecute Sanchez's case ("First Order"). On January 7, 2014, the date set for a hearing by the First Order, Rosellini did not appear. Thus, on January 22, 2014, the Bankruptcy Court once more ordered Rosellini to appear and show cause why he should not be sanctioned for his unexplained absences on December 12, 2013, and January 7, 2014 ("Second Order"). At a third hearing held on February 6, 2014, Rosellini again failed to appear. As a result, on March 10, 2014, the Bankruptcy Court issued an order sanctioning Rosellini $1,000 for his noncompliance with its prior orders ("Sanctions Order"). Rosellini ultimately paid this sum on October 17, 2014.

Months later, on January 6, 2015, Rosellini filed a letter, in lieu of a motion, seeking to vacate the Sanctions Order ("Motion"). The Sanctions Order "did not reference any Rule or Statute," Rosellini contended, and he thus "assume[d] that the [s]anction was issued under the [Bankruptcy] Court's Inherent Powers/Civil Contempt

2

Powers." Motion at 2. Contending that "a[ny] Court's exercise of the Inherent Power to Sanction requires a finding of bad faith, due to the potency of the Sanction Power," Rosellini maintained that he had "exhibited no bad faith." *Id.* As support, Rosellini advanced four arguments. First, he claimed that he had "well served" Sanchez "in the bankruptcy courts." *Id.* Second, he stressed that "no allegation of bad faith ha[d] been alleged against the Debtor's Counsel by any party to the case"; indeed, "no party to th[e underlying] action ha[d] sought or supported the sanction." *Id.* Third, "as soon as he [had] found out about the [s]anctions proceeding, he took action and contacted the [Bankruptcy] Court." *Id.* at 2–3. Lastly, the Sanctions Order's "potency," which had already prompted one of Rosellini's clients to raise concerns about his possible competence, strongly militated in favor of its vacatur. *Id.* at 3. If it was left untouched, Rosellini would have to labor with a permanent "stain upon . . . [his] reputation." *Id.*

On the same day on which it had been filed, the Bankruptcy Court issued a show cause order compelling Rosellini to appear before it. Once he did, a hearing on the Motion's merits was immediately held. On September 18, 2016, the Bankruptcy Court denied the Motion and signed the Order.

Rosellini has timely appealed.

## DISCUSSION

I. **Standard of Review**

This Court reviews the bankruptcy court's "conclusions of law *de novo*, and findings of fact under a clearly erroneous standard." *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 988 (2d Cir. 1990). In matters committed to its discretion, including the propriety of imposing sanctions, the bankruptcy court's decision is reviewed for abuse of discretion. *See In re Blaise*, 219 B.R. 946, 949–50 (B.A.P. 2d Cir. 1998) (citation omitted); *see also, e.g.*, *Schlaifer Nance & Co. v. Estate of Andy Warhol*, 194 F.3d 323, 333 (2d Cir. 1999) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991) (stating that sanctions imposed under district court's inherent power are reviewed for abuse of discretion)). The bankruptcy court abuses its discretion if it bases its decision on an erroneous view of the law or upon clearly erroneous factual findings or if the reviewing court has a definite and firm conviction that the bankruptcy court committed a clear error of judgment in reaching its conclusions. *Id.* (citing, among others, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)).

## II. The Bankruptcy Court's Authority to Impose Sanctions

Rosellini asserts that the Bankruptcy Court exceeded its authority by sanctioning him pursuant to its inherent authority without first making an explicit finding of bad faith. Axiomatically, "[s]anctions may be authorized by any of a number of rules or statutory provisions." *Sakon v. Andreo*, 119 F.3d 109, 113 (2d Cir. 1997). Bankruptcy courts, for example, "may issue any order, process, or judgment

that is necessary or appropriate to carry out the provisions of [Title 11]." 11 U.S.C. § 105(a). A bankruptcy court, moreover, is not precluded from *sua sponte* "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id.* However, a federal court's invocation of its inherent power for purpose of sanctioning an errant attorney is generally disfavored. *See Solow*, 602 F.3d at 96.

Nonetheless, certain circumstances may justify the exercise of that prerogative. In particular, "when a district court invokes its inherent power to sanction misconduct by an attorney that involves that attorney's violation of a court order or other misconduct that is not undertaken for the client's benefit," such as a lawyer's negligent or reckless failure to perform his or her responsibilities as an officer of the court, it "need not find bad faith before imposing a sanction under its inherent power." *United States v. Seltzer*, 227 F.3d 36, 42 (2d Cir. 2000); *see also, e.g.*, *Wilder v. GL Bus Lines*, 258 F.3d 126, 130 (2d Cir. 2001) (holding that inherent power sanctions "are appropriate . . . where the attorney has negligently or recklessly failed to perform his responsibilities as an officer of the court"). Like other federal courts, bankruptcy courts may make use of this exception to the bad-faith requirement. *See, e.g.*, *Solow v. Kalikow (In re Kalikow)*, 602 F.3d 82, 96 (2d Cir. 2010) ("The statutory contempt powers given to a bankruptcy court under § 105(a) complement the inherent powers

5

of a federal court to enforce its own orders."); *Desert Palace, Inc. v. Baumblit (In re Baumblit)*, 15 F. App'x. 30, 35 (2d Cir. 2001) (intimating that bankruptcy courts possess that same power); *In re Plumeri*, 434 B.R. 315, 327–28 (S.D.N.Y. 2010) ("Federal courts, including bankruptcy courts, possess inherent authority to impose sanctions against attorneys and their clients.").

The Court has reviewed the record and finds that the Bankruptcy Court did not abuse its discretion in sanctioning Rosellini. Rosellini was required to appear before the Bankruptcy Court four separate times; he did not do so four separate times. On three occasions, the Bankruptcy Court ordered him to appear and explain any prior absences; on three occasions, he did not do so. Regardless of Sanchez's views of his attorney's skills, these discrete failures were self-evidently unrelated to any "legitimate efforts at zealous advocacy" on Sanchez's behalf and "not undertaken for . . . [his] benefit." *Seltzer*, 227 F.3d at 40.[1] Just as clearly, considering Rosellini's inexplicable silence over a period of several months, his conduct cannot be characterized as anything but a reckless or negligent disregard of the Bankruptcy Court's settled procedures and explicit orders. *See, e.g.*, *Wilder*, 258 F.3d at 130; *Seltzer*, 227 F.3d at 42. Accordingly, the Bankruptcy Court did not need to make a

---

[1] Indeed, Rosellini's defiance of the First, Second, and Third Orders came *after* his client's case had already been dismissed.

finding of bad faith to sanction Rosellini pursuant to its inherent power, as it explained in the Order's body, and no error of law enfeebled the Sanctions Order and merited its reversal. As such, the Bankruptcy Court's decision to deny the Motion accorded with both this circuit's existing precedent and this matter's incontrovertible facts.

## CONCLUSION

The Order of the Bankruptcy Court is affirmed.

**SO ORDERED**

                                      /S/ Frederic block
                                      FREDERIC BLOCK
                                      Senior United States District Judge

Brooklyn, New York
May 19, 2017